BROWN *against* BARNETT.

IN ERROR.

E RROR to the Common Pleas of *Dauphin* county.

*Sunbury,*
*Saturday,*
July 8.

In this case the plaintiff assigned for error that issue was not joined below; the plea being " payment with leave to " give the special matter in evidence," to which there was no replication, nor was there the usual clerical memorandum on the docquet, " and issue."

When the words " and issue," are inserted upon the docquet after the entry of an issuable plea, it is considered as a direction to the clerk to join the issue, and the omission of it is treated, after error brought, as a clerical mistake. But if the

TILGHMAN C. J. It appears by the record that *payment* was pleaded, with leave to give the special matter in evidence, issue is not formally joined, and the memorandum is not made upon the docquet, the judgment is erroneous.

1809.

BROWN
v.
BARNETT.

dence, but there is no mention of the issue being joined. I am always sorry to reverse a judgment after a trial of the merits; and the case has therefore been held under consideration since the last term, to search for precedents. No case however has been found to warrant a judgment of affirmance. The farthest that the Court has gone, was in the case of *Myer* v. *Herring*, determined at *Philadelphia* in *December* 1806. That was an action of covenant. The plaintiff assigned breaches in his declaration, the defendant pleaded covenants performed and *non damnificatus*, and after that the words " *and issues*," were entered on the docquet. It was decided that this was sufficient, because the mention of *issues* was tantamount to a direction to the clerk to join the issues, and the not doing of it was in the nature of a clerical omission. I should have been extremely glad if the entry had been the same in this case; but some principle must be adhered to, least in an attempt to do justice in a particular case, we do a public injury, by taking away all certainty. I am of opinion that the judgment must be reversed.

YEATES J. Of the same opinion.

BRACKENRIDGE J. Of the same opinion.

Judgment reversed.