GALLAGHER *against* M'NUTT.

IN ERROR.

ERROR to the Court of Common Pleas of *Adams* county, in ejectment.

*M'Nutt,* the plaintiff in this ejectment, on suing out his writ, filed in the office of the prothonotary, a description of the land claimed by him, according to the direction of the act of 21st *March,* 1806. The defendant appeared and pleaded not guilty, and not guilty within twenty one years. No other pleadings appeared on the record. The cause was tried, and the plaintiff obtained a verdict, on which judgment was entered. It was assigned as error, that no issue was joined.

*In ejectment, immediately on the plea of not guilty being put in, the cause is ready for trial, without any formal joining of issue. No other plea than not guilty can be pleaded in ejectment.*

*Crawford,* for the plaintiff in error, cited *Brown* v. *Barnett.* 2 *Binn.* 33.

*M'Conachy,* contra.

The opinion of the Court was delivered by

TILGHMAN C. J. It is assigned as error, that no issue was joined; and the plaintiff in error relies on the case of *Brown* v. *Barnett,* 2 *Binn.* 33. That was an action of debt, in which the defendant pleaded payment, and the cause was tried without replication or any mention on the docket of issue. The proceedings in ejectment are regulated *now,* by the act of 21st *March,* 1806, which prescribes the form of writ, and manner of pleading. The plaintiff is to file a description of the land, on or before the 1st day of the Term to which the process is returnable, and the defendant is to enter his defence (if any he hath,) to the whole, or any part, before the next Term; and *thereupon,* says the act, *the issue shall be joined.* So that the issue would be considered according to this act, as joined, immediately on defence being taken. But by the act of 13th *April,* 1807, (4 *Sm. L.* 476,) it is enacted, " that the plea in

1817.

GALLAGHER
*v.*
M'NUTT.

" ejectment shall be *not guilty.*" Immediately, then, on the plea of *not guilty* being put in, the cause is ready for trial, without any formal joining of issue ; for even if a formal issue were necessary, it might be entered by the prothonotary under these acts of assembly, without direction from the parties, and would be considered by this Court, as if actually done. No other plea than *not guilty* can be pleaded, and, therefore, the plea of the statute of limitations in this case, was improper. The benefit of the statute was secured to the defendant by his plea of not guilty. The case of *Brown* v. *Barnett,* is not applicable. It depended on the principles of the common law ; a replication to the plea of payment was necessary, before an issue could be tendered. I am, therefore, of opinion, that the judgment on the case before us should be affirmed.

Judgment affirmed.